IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RESHEENDA BOOTH AND MILTON JACKSON**                                                     **PLAINTIFFS**

V.                                                                                    CAUSE NO. 3:21-CV-763-CWR-FKB

**THE CITY OF JACKSON; JACKSON POLICE DEPARTMENT; OFFICER CORRY JENKINS; TERRAMARK CORPORATION; TERRAMARK HOLDINGS, LLC; TERRAMARK MANAGEMENT LLC; JOHN DOES 1-5; JOHN DOE COMPANY 1-5**                                        **DEFENDANTS**

**ORDER**

Before the Court are the defendants City of Jackson, Jackson Police Department, and Corry Jenkins' ("City Defendants") motion to dismiss [Docket No. 14]; the defendants Terramark Corporation and Terramark Holdings, LLC's motions to dismiss [Docket Nos. 24 and 26]; and plaintiffs ReSheenda Booth and Milton Jackson's motions for leave to file surrebuttals [Docket Nos. 35 and 36]. The matters are fully briefed and ready for adjudication.

**I.      Factual and Procedural History**

The complaint in this case zigzags for nearly 30 pages, making it extremely difficult to decipher the specific allegations and claims plaintiffs bring for adjudication.

According to the complaint, Milton Jackson had an oral contract with Terramark Corporation's putative agent, Nick Payne,[1] to rent a property located on Royal Street in Jackson, Mississippi. At some point, Jackson's fiancée, ReSheenda Booth, moved in with him. The pair

---

[1] Terramark Corporation and Terramark Holdings, LLC contend that they never "employ[ed], supervise[d], or otherwise manage[d]" Payne. *See* Docket Nos. 25-1 at 1-2 and 27-1 at 1-2.

reported to Payne several issues with the building, including sewer drainage problems, leaks in the roof, and holes in the floor.

Terramark did not fix these issues. Instead, the plaintiffs contend, Terramark conspired through one of its agents, Lisa Marie Rowell,[2] with a Jackson Police Officer, Corry Jenkins, to evict the plaintiffs, arrest them, detain them, and then maliciously prosecute them. This culminated in the July 28, 2021 eviction and arrest of the plaintiffs by Jenkins.

During the arrest, the plaintiffs claim that Jenkins "terrorized" Booth "when he pointed his service weapon a GLOCK-17 at Plaintiff Booth in an attempt to threaten her life." Docket No. 1 at 18. But, the plaintiffs allege that Officer Jenkins drew his gun *after* Booth exited her vehicle armed with an assault rifle. Booth does not dispute that she carried a gun. Instead, she boldly avers that since "Booth did not conceal the weapon," her "constitutional right to bear arms" rendered Officer Jenkins' drawing of his weapon unlawful. *Id.*

As to motive, the plaintiffs allege that Officer Jenkins "possessed severe authority power" because he "punched a citizen in the face during parade in downtown Jackson." *Id.* at 20.[3] The plaintiffs urge that Officer Jenkins retaliated against them by using force on Jackson "to the point where blisters were present" when placing him in handcuffs during the arrest. *Id.* Further, the plaintiffs emphasize that Terramark and Officer Jenkins did not disturb Jason Broome ("Hippi"), a white man, or his white companions who occupied a boarded-up building, also reportedly owned by Terramark, located down the street from the plaintiffs. Rather, the plaintiffs stress, the

---

[2] Terramark Corporation and Terramark Holdings, LLC contend that they never "employ[ed], supervis[ed], or otherwise manage[d]" Rowell. *See* Docket Nos. 25-1 at 1-2 and 27-1 at 1-2. Plaintiffs refer to Rowell throughout their submissions as "Lisa Marie Rawls;" however, the Court assumes that this discrepancy is a scrivener's error, as the Rowell affidavit submitted by the plaintiffs is signed by "Lisa Marie Rowell," despite being labeled "Affidavit Lisa Rawls City" by the plaintiffs' counsel. *See* Docket No. 1-5.

[3] The connection between the alleged incident at the parade and the allegations of the complaint is not apparent.

defendants afforded the "Caucasian squatters" preferential treatment by neither evicting nor arresting them alongside the plaintiffs. *Id.* at 12.

The plaintiffs also contend that after their arrests, Officer Jenkins engaged in "continue[d] harassment." Docket No. 16 at 10 ¶ 13. This harassment took the form of "coming to the con[venience] store across the street from Plaintiffs['] new home and just parking in the lot of the same store and merely intimidating Plaintiffs." *Id.* The plaintiffs submit that they "believe that Officer Jenkins is trying to kill them." *Id.*

Following their arrests, the plaintiffs filed complaints against Officer Jenkins with the Jackson Police Department. They then filed this lawsuit on November 24, 2021. In their complaint, the plaintiffs raised claims under the Second, Fourth, and Fourteenth Amendments, the federal Fair Housing Act, 42 U.S.C. § 1983, and various Mississippi tort laws. The plaintiffs named the City of Jackson, the Jackson Police Department, Officer Jenkins, Terramark Corporation, Terramark Holdings, LLC, and Terramark Management LLC as defendants.

The City Defendants filed their motion to dismiss on January 11, 2022. Docket No. 14. Terramark Corporation and Terramark Holdings, LLC followed suit by filing motions to dismiss for insufficient service of process on February 10, 2022. Docket Nos. 24 and 26.[4]

## II.  Legal Standard

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A satisfactory complaint will "contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 677-78 (quotation marks and citation omitted). This requires "more than an unadorned, the defendant-unlawfully-harmed-me

---

[4] Terramark Management filed an answer on January 7, 2022. Docket No. 13.

accusation," but the complaint need not have "detailed factual allegations." *Id.* at 678 (quotation marks and citation omitted). The Plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

## III. Discussion

### A. Claims against the City Defendants

The City Defendants seek dismissal of the claims against them under Rule 12(b)(6). First, the City Defendants argue that "Officer Jenkins is entitled to qualified immunity for the federal claims brought against him." Docket No. 14 at 2. The City Defendants next contend that "[t]he Complaint fails to plead facts sufficient to establish *Monell* liability against the City of Jackson," therefore necessitating dismissal of all federal claims. *Id.* And finally, the City Defendants submit, "[b]oth Officer Jenkins and the City are immune from the State law tort claims pursuant to the Mississippi Tort Claims Act." *Id.*[5] The plaintiffs object to each of these arguments.

Upon review, the defendants' arguments are well-taken.

Start with qualified immunity. Under the two-step inquiry, a court must first ask (1) whether, taking the plaintiffs' allegations as true, Officer Jenkins violated a constitutional right; and (2) whether Officer Jenkins' "actions violated clearly established rights 'of which a reasonable person would have known.'" *Samples v. Vadzemnieks*, 900 F.3d 655, 660 (5th Cir. 2018) (quoting *Griggs v. Brewer*, 841 F.3d 308, 312 (5th Cir. 2016)). The plaintiffs' claims stumble on both steps.

---

[5] Alternatively, the City Defendants request that the Court order the plaintiffs "to file a more definite statement pursuant to Federal Rule of Civil Procedure 12(e)" if it "denies any portion" of their motion to dismiss. Docket No. 14 at 2. The Court will grant the motion to dismiss in full, thereby mooting this request.

4

As to the first prong, though the plaintiffs offer general allusions to the protections of the Second, Fourth, and Fourteenth Amendments, they fail to establish which specific rights under any of these amendments Officer Jenkins violated when he arrested them.

As to the second prong, the plaintiffs fail to establish that Officer Jenkins violated "clearly established rights 'of which a reasonable person would have known.'" *Id.* Officers regularly handcuff arrestees. That such handcuffing was tight and resulted in blisters does not, on its own, amount to a constitutional violation. *Compare Deville v. Marcantel* 567 F.3d 156, 168 (5th Cir. 2009) (finding excessive use of force when the officer's use of handcuffs resulted in the arrestee suffering nerve damage requiring "four surgeries and multiple other injections") *with Freeman v. Gore*, 483 F.3d 404, 417 (5th Cir. 2007) (emphasizing "that minor, incidental injuries that occur in connection with the use of handcuffs to effectuate an arrest"—such as "bruising on [an arrestee's] wrists and arms"—"do not give rise to a constitutional claim for excessive force"). An officer responding to a suspect brandishing a weapon by drawing his own gun also does not offend the Constitution. Such a move, evaluated under the facts and circumstances presented in the record by all parties, satisfies the reasonableness inquiry under the Fourth Amendment. *See Mason v. Lafayette City-Parish Consol. Gov't*, 806 F.3d 268, 275-77 (5th Cir. 2015) (articulating the use of force standard in the Fourth Amendment context). Finally, parking at a convenience store by an arrestees' home does not, absent additional facts not in this record, amount to unconstitutional conduct. On the record, such behavior appears to fall squarely within Officer Jenkins' "legitimate investigative sphere." *Terry v. Ohio*, 392 U.S. 1, 15 (1968). Officer Jenkins is therefore entitled to qualified immunity on the plaintiffs' federal individual-capacity claims.

Dismissal is also proper as to the plaintiffs' *Monell* claims. As articulated by the Fifth Circuit, "*Monell* claims require three elements: '(1) a policymaker; (2) an official policy; and (3)

a violation of a constitutional right whose 'moving force' is the policy or custom.'" *Arnone v. County of Dallas County, Texas*, 29 F.4th 262 (2022) The plaintiffs have failed to articulate a viable constitutional violation. Accordingly, the Court must dismiss the *Monell* claims against the City Defendants.

Finally, the Mississippi Tort Claims Act (MTCA) bars the plaintiffs' remaining claims against the City Defendants. The statute provides, in relevant part, that:

> [a] governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim . . . [a]rising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of the injury.

Miss. Code Ann. § 11-46-9.

The issue is whether the plaintiffs' allegations, taken as true, indicate that Officer Jenkins "acted with reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of the injury." *Id.* The Mississippi Supreme Court has defined "[r]eckless disregard" under the MTCA as "more than mere negligence, but less than an intentional act." *Mississippi Dept. of Public Safety v. Durn*, 861 So. 2d 990, 994 (Miss. 2003) (citing *City of Jackson v. Brister*, 838 So. 2d 274, 281 (Miss. 2003)). Further, "reckless disregard is a higher standard than gross negligence by which to judge the conduct of officers." *Id.* When applying this standard, a court will "find reckless disregard when the 'conduct involved evinced not only some appreciation of the unreasonable risk involved, but also a deliberate disregard of that risk and the high probability of harm involved.'" *Id.* at 995 (citing *Maldonado v. Kelly*, 768 So. 2d 906, 910-11 (Miss. 2000)).

The plaintiffs' allegations regarding Officer Jenkins' conduct fall short of this standard. Courts have found that officers displayed reckless disregard when they subjected individuals to

6

foreseeable risk of a car accident, such as when the officer engaged in a high-speed chase through a highly congested area, *see Brister*, 838 So. 2d at 274; where an officer "backed up an incline entrance to a parking lot, knowing he could not be sure the area was clear," *Durn*, 861 So. 2d at 996 (summarizing *Maye v. Pearl River County*, 758 So. 2d 391 (Miss. 1999)); or "when an officer was driving twenty-seven miles per hour over the posted speed limit without using his siren or blue lights while on his way to dinner when he collided with a vehicle exiting a parking lot," *id.* (summarizing *Jackson v. Perry*, 764 So. 2d 373 (Miss. 2000)). No analogous facts are alleged in the present complaint. The City Defendants may thus properly invoke the MTCA's immunity.

Based on the preceding analysis, the Court will dismiss all of the plaintiffs' claims as to the City Defendants.

    **B.**    **Claims against Terramark**

Both Terramark Corporation and Terramark Holdings, LLC move to dismiss the claims against them on the grounds that the plaintiffs improperly served them. Alternatively, they argue that the plaintiffs served the wrong persons. If the Court declines to grant Terramark Corporation and Terramark Holdings, LLC's motions to dismiss, they each request an additional 30 days from entry of this Order to file their answers. The Court considers each argument in turn.

    1.    **Improper service of process**

Terramark Corporation avers that as of the date it filed its motion to dismiss, "opposing counsel ha[d] not served this Defendant with a copy of the Complaint and Summons." Docket No. 24 at 2. Terramark Holdings, LLC concedes that "opposing counsel may have mailed a copy of the Complaint and Summons to the former residence" of the corporation's registered agent; "[h]owever . . . proof of proper service of process has not been filed with this Court." Docket No. 26 at 2. Further, both Terramark Corporation and Terramark Holdings, LLC argue that since each

"is a Mississippi limited liability company, Plaintiff could not use certified mail as an initial method of effecting service." Docket Nos. 25 at 3 and 27 at 3. Although the plaintiffs had several summonses issued on December 6, 2021, Terramark Corporation and Terramark Holdings, LLC underscore that as of the date they filed their motions to dismiss, "proof of service has not been filed with this Court indicating that the Plaintiffs have served this Defendant with process." Docket Nos. 25 at 2 and 27 at 2. Accordingly, Terramark Corporation and Terramark Holdings, LLC urge that the Court lacks jurisdiction, and must dismiss the claims against them.

The plaintiffs contest this account. By the plaintiffs' reckoning, the answer of each Terramark entity "[w]as due in December 2021, not February 2022." Docket Nos. 30 at 2 and 32 at 2. In support of this interpretation, the plaintiffs attach a proof of service, including an envelope for certified mail addressed to George Guerieri, as an exhibit to their memorandum dated December 7, 2021 and signed by their counsel. Docket No. 29-1 at 3. Terramark counters that the parties reached an agreed stipulation of dismissal without prejudice for Terramark Corporation and Terramark Holdings, LLC, which the plaintiffs' counsel agreed to file. She never filed it, however.[6] The plaintiffs also urge that even if the Court finds that proof of service was not filed until after Terramark Corporation and Terramark Holdings, LLC filed their motions to dismiss, then excusable neglect under Fed. R. Civ. P. 6 applies.

Under the Federal Rules of Civil Procedure, absent federal law providing otherwise, a plaintiff may serve a corporation by either (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(e)(1), or (2) "delivering a copy of each [the summons

---

[6] Counsel for the plaintiffs filed motions for leave to file surrebuttals to address "the newly [sic] exhibit that was not attached to Defendant TerraMark Corporation's motion to dismiss." Docket Nos. 35 at 1 and 36 at 1. Because the Court finds argument on this point irrelevant, it denies the plaintiffs' motions to file surrebuttals.

8

and the complaint] to an agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4 (e)(2)(C). Mississippi law allows for service

> [u]pon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.

Miss. R. Civ. P. 4(d)(4). In relevant part, a plaintiff may serve a Mississippi corporation through mail "by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served." Miss. R. Civ. P. 4(c)(3)(A). Critically, "[s]ervice of process may not be had by certified mail upon an in-state defendant." *Triple C. Transport, Inc. v. Dickens*, 870 So. 2d 1195, 1198 (Miss. 2004).

"[T]he plaintiff has the burden to demonstrate by a preponderance of the evidence the validity of service." *Ganpat v. Eastern Pacific Shipping, PTE. LTD.*, 434 F. Supp. 3d 441, 448 (E.D. La. 2020) (citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344 (5th Cir. 1992)). "In the absence of valid service of process, proceedings against a party are void." *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. Unit A Jan. 27, 1981). "The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dept. of Lab., Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986).

A review of the record in this case raises some questions. Terramark Corporation and Terramark Holdings, LLC contend that their registered agent, Guerieri "was not served personally." Docket Nos. 33 at 2 and 34 at 2. They also submit that Guerieri did not sign the Proof of Service. *Id.* (citing Docket Nos. 26 at 3 and 28 at 3).

9

Again, the record is somewhat unclear. Based on the filings, it seems that counsel for the plaintiffs sent a copy of these documents via certified mail to Terramark Holdings, LLC. Docket No. 28 at 3. It also appears that counsel for the plaintiffs personally served Guerieri, the representative for all three Terramark entities named in the complaint. *See* Docket Nos. 2, 28. Yet, the record contains evidence only of service upon Terramark Holdings, LLC and Terramark Management—not Terramark Corporation.

On this set of facts, Terramark Corporation was not properly served. Under such circumstances, the Court ordinarily grants dismissal without prejudice. *See Prather v. Jackson Fitness LLC*, No. 3:20-CV-831-CWR-FKB, 2021 WL 2094472, at *2 (S.D. Miss. May 25, 2021). Yet, to avoid potential inefficiencies, the Court instead declines to dismiss Terramark Corporation at this time. Instead, it directs the plaintiffs to perfect service of process onto Terramark Corporation within 14 days of entry of this Order. If the plaintiffs fail to meet this deadline, then Terramark Corporation may renew its motion to dismiss.

Terramark Holdings, LLC was properly served, however.

### 2. Failure to state a claim

Terramark Holdings, LLC also submits that dismissal of the claims against it are appropriate, as "neither Lisa Marie Rowell nor Nick Payne are affiliated with Terramark Holdings, LLC." Docket No. 27 at 6. Terramark cites to the affidavit of George "Trey" Guerieri, III, Terramark's manager, to support this representation. *Id.* (citing Docket No. 27-1).[7] In his statement, Guerieri represented that he served as Terramark Holdings, LLC's manager "at the time of the

---

[7] In its supporting memorandum, Terramark Holdings, LLC directs the Court to this affidavit, which is outside the pleadings. Therefore, in considering the affidavit, the Court treats this motion as one for summary judgment. Fed.R.Civ.P. 12(d).

10

alleged incidents referenced in the Plaintiffs' Complaint," and that he retains that position currently. Docket No. 27-1 at 1. He also submits that:

> 5. At no time did Terramark Holdings, LLC own, or manage, the property(ies) referenced in the Plaintiffs' Complaint.
> 6. At no time did Terramark Holdings, LLC employ, supervise, or otherwise manage Nick Payne, or Lisa Marie Rowell, who are referenced in the Plaintiffs' Complaint;
> 7. At no time did Terramark Holdings, LLC, or any of its employees, or representatives, send any documents to the Plaintiffs concerning the property(ies) referenced in the Complaint[;]
> 8. At no time did Terramark Holdings, LLC, have any involvement, direct or indirect, with the Plaintiffs.

*Id.* at 1-2.

The plaintiffs do not directly challenge Terramark on this point. But again, exhibits submitted by the plaintiffs raise some questions. For one, the 2021 LLC Annual Report provided by the Mississippi Secretary of State lists George E. Guerieri III as the manager for Terramark Corporation, Terramark Holdings, LLC, *and* Terramark Management LLC. Docket No. 1-1. Additionally, an affidavit signed by Rowell, as well as the Clerk of the Municipal Court of the City of Jackson, identifies Rowell as "Lisa Marie Rowell (Terramark Management LLC)." Docket No. 2. And a letter signed by Nick Payne, identifying him as a property manager, (1) is written on Terramark Real Estate letterhead and (2) instructs the recipient "to contact our office immediately to arrange the execution of a new lease agreement with Terramark Management, LLC." Docket No. 1-7.

In reviewing the record, the relationship between Terramark Holdings, LLC and Terramark Management LLC is not immediately apparent. Perhaps Terramark Holdings, LLC operates largely independently of Terramark Management LLC, such that Payne and Rowell served as employees of the latter, but not the former. Perhaps not. Given that Guerieri serves as the corporate representative of all three of the Terramark entities, though, Terramark Holdings, LLC's attempt

11

to disclaim responsibility for Rowell and Payne's actions is ineffectual at this time. This is a factual inquiry.[8] Dismissal of Terramark Holdings, LLC now is therefore premature.

### 3. Additional time to respond

Terramark Holdings, LLC requests alternatively that the Court grant it "an extension of thirty (30) days from the Court's ruling on this motion to respond to the Plaintiff's Complaint." Docket No. 26 at 3. The plaintiffs oppose this request. They argue that allowing Terramark Holdings, LLC additional time to respond would "prejudice" the plaintiffs and amount to "abuse of discretion." Docket No. 30 at 2-3. On this basis, the plaintiffs contend that "Defendant TerraMark Holdings is in Default of this lawsuit." *Id.* at 3.

Not so. Start with the issue of default. Default judgments "should not be granted on the claim, without more, that the defendant ha[s] failed to meet a procedural time requirement." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (quotation marks and citation omitted). Thus, the Court declines to find Terramark Holdings, LLC in default for its failure to file a timely answer.[9]

Next, the Court considers whether granting Terramark Holdings, LLC additional time to respond is appropriate. The touchstones of this analysis are (1) whether Terramark Holdings, LLC's failure to respond was willful and (2) whether an extension of time to answer will prejudice the plaintiffs. Based on Terramark Holdings, LLC's participation in the litigation thus far, the Court finds that its failure to answer within 21-days of service did not amount to "willful neglect." *See Lacy*, 227 F.3d 290, 292-93 (providing an overview of the concept). Defense counsel represents that it initiated discussion with plaintiffs' counsel regarding dismissal "in December 2021." Docket

---

[8] "In ruling on a motion for summary judgment, the court will not weigh evidence or draw from the facts legitimate inferences for the movant. Evaluating credibility and drawing factual inferences are functions reserved for the jury." *King v. Bd. of Trustees of State Inst. of Hinger Learning of Miss.*, No. 3:11-CV-403-CWR-FKB, 2014 WL 1276477, at *3 (S.D. Miss. March 27, 2014) (citations omitted).

[9] Since the record indicates that counsel for the plaintiffs served Terramark Holdings, LLC on December 7, 2021 [Docket No. 28], its answer was due 21 days later, a date that passed prior to the February 10, 2022 filing of its motion to dismiss [Docket No. 26].

No. 33. Those discussions apparently broke down. This does not, however, amount to a willful failure to respond to litigation.

Onto prejudice. "To establish prejudice, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990) (cited in *Lacy*, 227 F.3d at 293). The plaintiffs make no such showing. Thus, the Court will grant Terramark Holdings, LLC an additional 30 days to file an answer.

### IV.     Conclusion

The City Defendants' motion to dismiss [Docket No. 14] is granted. The City of Jackson, Jackson Police Department, Officer Jenkins are hereby dismissed as defendants in this action.

Terramark Corporation's motion to dismiss [Docket No. 24] is granted in part and denied in part. Within 14 days of this Order, the plaintiffs must perfect service upon Terramark Corporation. If they fail to do so, then Terramark Corporation may renew its motion for dismissal. Within 30 days of proper service, Terramark Corporation shall file an answer or responsive pleading. Terramark Holdings, LLC's motion to dismiss [Docket No. 26] is denied in part and granted in part. Within 30 days of entry of this Order, Terramark Holdings, LLC shall file an answer to the complaint against it. The plaintiffs' motions for leave to file surrebuttals [Docket Nos. 35 and 36] are denied.

**SO ORDERED**, this the 19th day of April, 2022.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE