**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| **TYRONE OREY** | **PLAINTIFF** |
| V. | CAUSE NO. 3:22-CV-233-CWR-FKB |
| **TA OPERATING, LLC; UNKNOWN MANAGERS A-E; AND JOHN DOES 1-5** | **DEFENDANTS** |

**ORDER**

Before the Court is the plaintiff Tyrone Orey's motion for limited remand-related discovery. Docket No. 9. The matter is fully briefed and ready for adjudication.

**I.    Factual and Procedural History**

This case concerns a slip and fall incident. The plaintiff Orey alleges that on or about May 23, 2019, he slipped and fell while at the Petro Truck Stop (Petro) located along West Frontage Road in Jackson, Mississippi. Orey alleges that he sustained severe injuries. Pre-suit discussions reveal that Orey demanded in excess of the jurisdictional amount. Orey then filed suit in the Circuit Court of Hinds County on April 1, 2022. Petro is owned by defendant TA Operating LLC ("TA Operating"), a company domiciled in Ohio.

Asserting diversity jurisdiction, TA Operating removed the case to federal court on May 4, 2022. Docket No. 1. Orey then timely filed a motion to remand on May 12, 2022. Docket No. 7. In his motion and accompanying memorandum, Orey asserted that discovery will likely reveal that the Unknown Managers are citizens of Mississippi, and therefore, complete diversity of parties does not exist. Subsequently, Orey filed a motion for limited remand-related discovery to

determine the identity and residency of the Unknown Managers A-E.[1] Docket No. 9. The defendants oppose this motion. Docket No. 13.

## II. Legal Standard

"District courts enjoy 'broad discretion in all discovery matters' and 'such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse.'" *Box v. Dallas Mexican Consulate Gen.*, 487 F. App'x 880, 884 (2012) (quoting *Alpine View Co., Ltd. v. Atlas Copco AB*, 205 F.3d 208, 220 (5th Cir. 2000)).

Additionally, Rule 16 of the local rules provides that:

> A motion to remand . . . will stay the attorney conference and disclosure requirements and all discovery not relevant to the remand or referral issue and will stay the parties' obligation to make disclosures pending the court's ruling on the motions. At the time the remand motion or referral motion is filed, the movant must submit to the magistrate judge an order granting the stay but permitting discovery concerning only the remand or referral issue. The parties must promptly notify the magistrate judge of any order denying a motion to remand or motion to refer and must promptly submit an order lifting the stay.

L. U. Civ. R. 16(b)(1)(B).

## III. Discussion

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S 375, 377 (1994). For this reason, "federal trial and appellate courts have the duty to examine the basis for their subject matter jurisdiction, doing so on their own motion if necessary." *Lewis v. Hunt*, 492 F.3d 565, 568 (5th Cir. 2007) (internal quotation marks and citation omitted). A federal district court may exercise original jurisdiction over a case where the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332(a).

---

[1] As to the John Doe defendants, TA Operating submits that because it "has since admitted to owning and operating the travel center," thereby "making the allegations as to this second group of unknown persons," those "who may have owned and operated the travel enter if TA Operating did not," "moot." Docket No. 15 at 2. The Court agrees with TA Operating. The claims against John Does 1-5 are therefore mooted.

2

It is true that, as T.A. Operating submits, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). But this provision does not end the inquiry. The Fifth Circuit has also observed "that while a court should determine whether it has subject matter jurisdiction at the earliest possible stage in the proceedings, some jurisdictional discovery may be warranted if the issue of subject matter jurisdiction turns on a disputed fact." *In re MPF Holdings US LLC*, 701 F.3d 449. 457 (5th Cir. 2012). Under such circumstances, the limited discovery should occur "on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004).

Orey demonstrates such necessity. Counsel for Orey attempted to identify the managers prior to filing suit. Though ultimately unsuccessful in these efforts, she then "requested limited jurisdictional discovery eight (8) days after the removal of this case." Docket No. 17 at 3 (citing Docket No. 9). And as recently as May 27, 2022, TA Operating represented to the Magistrate Judge and counsel for the plaintiff that "it has not yet identified its managers on duty at the store premises at the time of the May 23, 2019 incident." *Id.* at 4. Absent limited discovery, then, Orey cannot identify the managers.[2]

Local Rule 16 also weighs in favor of granting Orey's motion for limited discovery. In clarifying that a motion to remand "will stay . . . all discovery not relevant to the remand or referral issue," the rule implicitly contemplates, and carves out an exception for, limited discovery in

---

[2] Under Mississippi law, a store manager can be found liable for injuries suffered by a customer on a store's premises. *See Wheaten v. RST Westwick, LLC*, No. 3:19-cv-283-CWR-FKB, 2020 U.S. Dist. LEXIS 263380, at *3 (S.D. Miss. Feb. 4, 2020); *Jones v. Westwick Apts., LLC*, No. 3:11-cv-125-CWR-FKB, 2011 U.S. Dist. LEXIS 155695, at *8 (S.D. Miss. Jun. 7, 2011); *Jones v. Waffle House, Inc.*, No. 3:12-cv-862-CWR-LRA, 2013 U.S. Dist. LEXIS 112568, at *8 (S.D. Miss. Aug. 9, 2013).

situations similar to this case. L. U. Civ. R. 16(b)(1)(B). Indeed, Magistrate and District Court Judges routinely allow for limited discovery in cases involving circumstances analogous to the present dispute. *See Johnson v. Primelending,* No. 3:15-cv-439-DPJ-FKB (S.D. Miss. July 27, 2015) (Magistrate Judge entering a text-only order on July 27, 2015, staying all discovery except for remand-related discovery pursuant to L. U. Civ. R. 16(b)(1)(B)); *Rhymes v. UPS*, No. 3:15-cv-302-CWR-FKB (S.D. Miss. May 4, 2014) (Magistrate Judge entering a text-only order on May 4, 2014, staying all discovery except for remand-related discovery pursuant to L. U. Civ. R. 16(b)(1)(B)); *Adams v. Piccadilly Restaurants, LLC, et al.*, No. 3:16-cv-930-DPJ-FKB (S.D. Miss. Feb. 9, 2017) (Magistrate Judge entering a text-only order on February 9, 2017 staying all discovery except for remand-related discovery); *Forest Tire & Auto, LLC v. Catlin Specialty Ins. Co., et al.*, No. 3:20-cv-72, Docket No. 39 (S.D. Miss. April 4, 2020) (ordering limited discovery to determine whether the Court possessed subject-matter jurisdiction over the case). Limited discovery in this case is therefore supported by the local rules and courthouse custom.

    The cases cited by TA Operating do not mandate a contrary result. For instance, the key issue in *Lizana v. Guidant Corp.* was the allegation of fraudulent joinder.[3] No. Civ.A 1:03CV254GRO, 2004 WL 3316405, at *2-3 (S.D. Miss. Jan. 21, 2004)). By TA Operating's own admission, that issue is not now before the Court. *See* Docket No. 15 at 5 ("TA Operating did not remove this case on the basis that the fictitious defendants were fraudulently joined."). *Lizana* is therefore distinguishable. *Robinson v. American Medical Response, Inc.* does emphasize that "it is well settled that the citizenship of John Doe defendants is disregarded for the purposes of diversity analysis." No. 3:08-cv-153-WHB-LRA, 2008 WL 4793736, at *2 (S.D. Miss. Oct. 28, 2008). The

---

[3] Note that the Fifth Circuit recently held "that misjoinder issues should be addressed in state court prior to removal," and therefore, it "declin[ed] to adopt the fraudulent misjoinder doctrine as a basis for exercising diversity jurisdiction." *Williams v. Homeland Ins. Co. of New York*, 18 F.4th 806, 817 (5th Cir. 2021).

court went on, however, to acknowledge that it "may revisit the issue of subject matter jurisdiction either on motion or *sua sponte* in the event the currently unknown [John Doe defendants] are Mississippi citizens and they are named as defendants through an amended pleading." *Id.* at n.3 (internal citations omitted). In the interest of promoting judicial economy, this Court declines to adopt the *Robinson* approach, and will instead allow for limited remand-related discovery to commence now.

Thus, within 30 days of entry of this Order, TA Operating shall respond to the plaintiff's first set of interrogatories and requests for production of documents [Docket No. 17-1]. Orey will then have 21 days to supplement his motion to remand or amend his answer based on the information gleaned from this limited discovery. TA Operating will then have 14 days to file supplemental responses, to which Orey can file a rebuttal up to seven days later.

IV. **Conclusion**

The motion for limited remand-related discovery [Docket No. 9] is granted.

**SO ORDERED**, this the 13 day of June, 2022.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE

5