IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **RESHEEDA BOOTH AND MILTON JACKSON** | **PLAINTIFFS** |
| V. | CAUSE NO. 3:21-CV-763-CWR-FKB |
| **THE CITY OF JACKSON; JACKSON POLICE DEPARTMENT; OFFICER CORRY JENKINS; TERRAMARK CORPORATION; TERRAMARK HOLDINGS, LLC; TERRAMARK MANAGEMENT LLC; JOHN DOES 2-5; JOHN DOE COMPANY 1-5** | **DEFENDANTS** |

## ORDER

Before the Court are the plaintiffs Resheeda Booth and Milton Jackson's motion for reconsideration [Docket No. 38] and motion for a hearing [Docket No. 44]. The defendants, the City of Jackson and Corry Jenkins ("City Defendants"), oppose both motions. Docket No. 51. The matters are fully briefed and ready for adjudication.

As observed previously, "[t]he complaint in this case zigzags for nearly 30 pages, making it extremely difficult to decipher the specific allegations and claims plaintiffs bring for adjudication." Docket No. 37 at 1. Subsequent filings provided no additional clarity. For present purposes, it is sufficient to observe that on November 24, 2021, the plaintiffs filed this lawsuit, in which they alleged several claims against the City Defendants regarding their eviction and arrest on July 28, 2021. *See* Docket No. 1. The City Defendants filed their motion to dismiss on January 11, 2022 [Docket No. 14], which the Court granted on April 19, 2022 [Docket No. 37], concluding that "the court will dismiss *all* of plaintiffs' claims as to the City Defendants." *Id*. at 7 (emphasis added).

On April 26, 2022, counsel for the plaintiffs filed a motion for reconsideration. Docket No. 38. The next day, she filed a motion for a hearing regarding the motion for reconsideration. Docket No. 44. The City Defendants filed a response in opposition to both motions on May 10, 2022. Docket No. 51. In it, the City Defendants also requested that the Court "order that Plaintiffs be required to show cause before filing any additional motions against these Defendants in this matter." *Id.* at 3.

The plaintiffs seek reconsideration under Rule 59 of the Federal Rules of Civil Procedure. *See* Docket No. 38 at 1. As emphasized recently by the Fifth Circuit:

> Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly . . . Accordingly, this court has held that a motion under Rule 59(e) is not the proper vehicle for rehashing evidence, legal theories, or argument s that could have been offered or raised before the entry of judgment . . . Rather, Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.

*Budri v. FirstFleet, Inc.*, 860 F. App'x 306, 309 (5th Cir. 2021) (internal quotation marks and citations omitted). Put another way, "'the court recognizes only three possible grounds for any motion for reconsideration: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent a manifest injustice.'" *Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 494 (S.D. Miss. 2000) (quoting *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990) (internal citations omitted)).

The plaintiffs urge for reconsideration on the latter two grounds: first, they contend that the Court failed to consider key facts; and second, they argue that "it is necessary to correct clear error." Docket No. 38 at 1-2 (emphasis omitted). City Defendants contest these lines of argument. Quoting from *Pham*, the City Defendants contend that the plaintiffs' arguments "'could have been

raised previously, or were raised and rejected by the Court;'" "'[n]one of the arguments raised in the Motion for Reconsideration are based upon evidence that was previously unavailable or any change in applicable law;'" "'the Court made no mistake of law;'" and that "'there is no manifest injustice to protect against.'" Docket No. 51 at 2-3 (quoting *Pham*, 193 F.R.D. at 494). In response, counsel for the plaintiffs doubles down on her contention that the Court erred in dismissing the claims against the City Defendants. Docket No. 52 at 4.

Upon review, reconsideration is unwarranted. It is true that, as counsel for the plaintiffs stresses, "[e]veryone makes mistakes"—including, implicitly, the Court. *Id.* No mistake took place here, however. The plaintiffs pointed to no case law to defeat the City Defendants' qualified immunity arguments in their initial response. Nor did they cite to any such cases in their motion for reconsideration. Indeed, a generalized and vague invocation of "the right to bare [sic] fire arms" fails to overcome the City Defendants' affirmative defenses. Dismissal remains appropriate. The Court will not disturb its earlier Order. Thus, the motion for reconsideration is denied, thereby mooting the motion for a hearing.

Pointing to *Pham*, 193 F.R.D. at 495, the City Defendants "also request that the Court adopt Judge Barbour's approach and order that Plaintiffs be required to show cause before filing any additional motions against these Defendants in this matter." Docket No. 51 at 3.

The City Defendants' argument on this point is well-taken. The Order dismissing the City Defendants inspired a litany of filings by the plaintiffs' counsel. *See* Docket Nos. 38, 44, 47, and 52. One of these filings expressly ignored this Court's instruction that the parties "[a]ssum[e] for the sake of argument . . . that the Court declines to reconsider its earlier order," Docket No. 45 at 1, and went ahead and contested that Order's analysis and conclusion, *see* Docket No. 47 at 6-7 (under a heading labeled "The City of Jackson Defendants," musing that the "[p]laintiffs might be

missing the boat, but the court did state what clarification is warranted and on which claims, at least outside the motion for reconsideration that is before the court"). No more. The claims against the City Defendants have been dismissed. There is no need for the Court to consider these claims again. Prior to filing any additional motions concerning the City Defendants, counsel for the plaintiff must show cause. Failure to do so may result in sanctions. *See Pham*, 193 F.R.D. at 495; *see also* Fed. R. Civ. P. 11(b) and (c).

The motion for reconsideration [Docket No. 38] is denied. Accordingly, the motion for a hearing [Docket No. 44] is dismissed as moot.

**SO ORDERED**, this the 13th day of June, 2022.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
