IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RESHEEDA BOOTH AND MILTON JACKSON**                                          **PLAINTIFFS**

V.                                                                            CAUSE NO. 3:21-CV-763-CWR-FKB

**THE CITY OF JACKSON; JACKSON POLICE DEPARTMENT; OFFICER CORRY JENKINS; TERRAMARK CORPORATION; TERRAMARK HOLDINGS, LLC; TERRAMARK MANAGEMENT LLC; JOHN DOES 2-5; JOHN DOE COMPANY 1-5**                                          **DEFENDANTS**

**ORDER**

Before the Court is the defendant Terramark Corporation's renewed motion to dismiss. Docket No. 50. The matter is fully briefed and ready for adjudication.

As observed previously, "[t]he complaint in this case zigzags for nearly 30 pages, making it extremely difficult to decipher the specific allegations and claims plaintiffs bring for adjudication." Docket No. 37 at 1. Subsequent filings provided little additional clarity. For present purposes, it is sufficient to observe that on November 24, 2021, the plaintiffs filed this lawsuit, in which they alleged several claims against three Terramark entities—Terramark Corporation, Terramark Holdings, LLC, and Terramark Management LLC—regarding their eviction and arrest on July 28, 2021. *See* Docket No. 1.

The present motion concerns only one of these entities: Terramark Corporation. On February 10, 2022, Terramark Corporation filed a motion to dismiss for insufficient service of process. Docket No. 24. It contended that the plaintiffs never "obtained a waiver of process from this Defendant, or served it with process pursuant to either Mississippi, or Federal law, as provided by the rules." Docket No. 25 (citing Fed. R. Civ. P. 4). The plaintiffs opposed that motion, arguing

that "Defendant TerraMark Corporation was properly served as signed by its registered agent E. Guerieri III." Docket No. 32 at 1. Their response also referred to an Exhibit A, which purportedly contained the proof of service of process. In fact, no attachment was filed.

In its April 19, 2022 Order, the Court noted that "the record contains evidence only of service upon Terramark Holdings, LLC and Terramark Management—not Terramark Corporation." Docket No. 37 at 10. The Court therefore found that "Terramark Corporation was not properly served." *Id.* Though "[u]nder such circumstances, the Court ordinarily grants dismissal without prejudice," in the interest of promoting judicial economy, it did not then dismiss Terramark Corporation at that time. *Id.* Instead, the Court "direct[ed] the plaintiffs to perfect service of process onto Terramark Corporation within 14 days." *Id.* It further cautioned that "[i]f the plaintiffs fail to meet this deadline, Terramark Corporation may renew its motion to dismiss." *Id.*

The plaintiffs once again failed to perfect process, Terramark Corporation now alleges. In its renewed motion to dismiss, Terramark Corporation raises several issues with the putative proof of service of process filed by the plaintiffs' attorney [Docket No. 40]. These include incorrectly referring to Terramark Corporation as Terramark Corporation, LLC and failing to serve Brian Bledsoe, Terramark Corporation's registered agent, with service of process. *Id.* at 1-2.

Counsel for the plaintiffs contests this account. At base, the plaintiffs' argument boils down to alleging that service upon George Guerieri III, an officer of all three Terramark entities, satisfied the formal requirements for service of process. *See* Docket No. 53.

Terramark Corporation renewed its earlier arguments in rebuttal. It also emphasized that in response to the Court's April Order, "opposing counsel filed a Proof of Service for Terramark

2

Corporation which was dated December 7, 2021." Docket No. 55 at 2. Therefore, Terramark Corporation argues, "the Plaintiffs failed to perfect service during the provided time period." *Id.*

Absent federal law providing otherwise, a plaintiff may serve a corporation by either (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(e)(1), or (2) "delivering a copy of each [the summons and the complaint] to an agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4 (e)(2)(C). Mississippi law allows for service

> [u]pon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.

Miss. R. Civ. P. 4(d)(4). In relevant part, a plaintiff may serve a Mississippi corporation through mail "by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served." Miss. R. Civ. P. 4(c)(3)(A). Critically, "[s]ervice of process may not be had by certified mail upon an in-state defendant." *Triple C. Transport, Inc. v. Dickens*, 870 So. 2d 1195, 1198 (Miss. 2004).

"[T]he plaintiff has the burden to demonstrate by a preponderance of the evidence the validity of service." *Ganpat v. Eastern Pacific Shipping, PTE. LTD.*, 434 F. Supp. 3d 441, 448 (E.D. La. 2020) (citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344 (5th Cir. 1992)). "In the absence of valid service of process, proceedings against a party are void." *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. Unit A Jan. 27, 1981). "The district court enjoys a broad discretion in determining whether to dismiss

an action for ineffective service of process." *George v. U.S. Dept. of Lab., Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986).

In assessing the parties' arguments, *Gartin v. Par Pharmaceutical Companies, Inc.*, is instructive. 289 F. App'x 688 (5th Cir. 2008). The plaintiffs in that wrongful death case sued three entities associated with "Par Pharmaceutical." *Id.* at 690. To effectuate service of process, the plaintiffs' counsel mailed a single copy of a Notice of Lawsuit and Request for Waiver of Service of Summons to all of the entities at the address of their (shared) attorney of record. *Id.* Subsequently, Par Pharmaceutical, Inc. moved to dismiss the claims against it for ineffective service of process. In affirming the district court's dismissal with prejudice of Par Pharmaceutical, Inc. from the case, the Fifth Circuit stressed that the plaintiffs' insistence

> that Par Pharmaceutical, Inc. was a named defendant, along with two other Par entities . . . only highlights [the plaintiffs'] failure to serve separately the very Par entities that they maintain were separately named defendants. This is a classic case of 'mistake of counsel' or ignorance of the rules,' which does not suffice to establish good cause under Rule 4(m).

*Id.* at 693. Additionally, the Fifth Circuit highlighted that "the district court would not permit the Gartins an extension of time for service because they could not demonstrate 'good cause' for their failure to serve within 120 days." *Id.* at 691 (quoting Fed. R. Civ. P. 4(m)).

The same is true here. Plaintiffs raised claims against three similarly named, yet distinct, Terramark entities. As explained below, like in *Gartin*, the plaintiffs here failed to effectuate service of process upon one of these entities: Terramark Corporation.

Start with the putative summons. There, as emphasized by Terramark Corporation, counsel for the plaintiff listed the defendant as "Terramark Corporation LLC," not Terramark Corporation. Docket No. 40 at 1. This service, therefore, was improper. *See PCM Sales, Inc. v. Quadbridge, Inc.*, No. 3:14-CV-2806-L, 2016 WL 407300, at *4 (N.D. Tex. Feb. 3, 2016) ("Process may be

4

insufficient if the summons and complaint refer to a party in the wrong name.") (citing 5B Wright & Miller, Fed. Prac. & Proc. Civ. § 1353 (3d ed.)); *see also Robinson v. Tangipahoa Parish Sch. Sys.*, No. 07-02199, 2008 WL 1135264, at *1 (E.D. La. Mar. 19, 2008) (emphasizing that in the Fifth Circuit, service of process requires actual, not merely constructive, notice to the proper entity). As in *Gartin*, the presumptive period for serving the defendant already expired.[1]

In sum, counsel for the plaintiffs fails to establish by a preponderance of the evidence that she perfected service upon Terramark Corporation. The Court ordered counsel for the plaintiffs to perfect service of process on Terramark Corporation within 14 days of its April 19, 2022 Order. Counsel argues that she "performed the task of serving TerraMark [sic] Corporation as so ordered by the court." [Docket No. 53 at 2], but she is mistaken. Instead, she filed a putative summons and proof of service dated December 7, 2021. And, as pointed out by Terramark Corporation, this proof misstates the name of the defendant. Thus, dismissal is appropriate.

The remaining question is whether to dismiss the claims against Terramark Corporation with or without prejudice. The Fifth Circuit has observed that "[a] dismissal with prejudice is an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (internal citation and quotation marks omitted). "Although lesser sanctions are clearly preferred, dismissal is appropriate when there is a clear record of delay or contumacious conduct." *Veazey v. Young's Yacht Sale and Serv., Inc.*, 644 F.2d 475, 477 (5th Cir. Unit A May 4, 1981) (internal quotation marks omitted).

Here, the issues with service of process initially raised by Terramark Corporation, coupled with the failure of plaintiffs' counsel to remedy such issues in conformity with this Court's Order,

---

[1] The 2015 amendment to Rule 4(m) of the Federal Rules of Civil Procedure decreased the time to serve process upon defendants from 120 days to 90 days. Whether 90 days or 120 days, though, since the plaintiffs filed this lawsuit on November 24, 2021, the presumptive deadline to perfect service of process expired well before the Court entered its April 2022 Order.

5

warrant dismissal with prejudice. To do otherwise would only invite further unresponsive, borderline frivolous filings by the plaintiffs' counsel. It would thus interfere with this Court's duty "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash*, 370 U.S. 626, 629-30 (1962). Put another way, "lesser sanctions would not serve the best interests of justice." *Callip v. Harris Cnty Child Welf. Dept.*, 757 F.2d 1513, 1519 (5th Cir. 1985) (internal citation and quotation marks omitted). Dismissal with prejudice is therefore warranted.[2]

Terramark Corporation's renewed motion to dismiss [Docket No. 50] is granted. Accordingly, the claims against Terramark Corporation are dismissed with prejudice.

**SO ORDERED**, this the 17th day of June, 2022.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE

---

[2] In the final paragraph of the motion, Terramark Corporation's counsel also "request[ed] attorney fees and costs for having to file this motion." Docket No. 50 at 3. The Court will deny this request.